MEADOWS WYE & Co., INC., ET AL. v. UNITED STATES

**No. 6216.**—Invoices dated Hawick, Scotland, January 30, 1942, etc.
Entered at New York, N. Y., March 4, 1942, etc.
Entry No. 740871; etc.

(Decided September 10, 1945)

*Jordan & Klingaman* (*Edward F. Jordan* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

COLE, Judge: The issues involved in these appeals for reappraisement of wool wearing apparel are concededly the same as those decided in *United States* v. *Alfred Dunhill of London, Inc.*, 32 C. C. P. A. 187, C. A. D. 305, the record in which case has been incorporated herein by consent of the parties.

The incorporated case found cost of production, section 402 (f) of the Tariff Act of 1930 (19 U. S. C. 1940 ed. § 1402 (f)), to be the proper basis for appraisement, and held that the so-called British purchase tax described in the law of the United Kingdom entitled, "Finance (No. 2) Act, 1940 3 & 4 Geo. 6 Ch. 48," was not an item to be included in the "usual general expenses" contemplated within subdivision (2) of section 402 (f), *supra*, and therefore not to be calculated in determining such statutory value.

On the agreement of counsel—set forth in the stipulation of submission filed August 28, 1945—that the several elements entering into the statutory cost of production of the items in question is equal to the appraised values thereof, less the additions made by the importer on entry because of advances by the appraiser in similar cases, I hold such values to be the cost of production, section 402 (f), *supra*, which I find to be the proper basis for appraisement, of the instant merchandise.

The foregoing conclusion applies to all merchandise covered by the appeals under consideration, except item 1029/251 included on the invoice with Reappraisement 151525–A and the item described as

"Half Hose" on the invoice covered by Reappraisement 151461–A. As to the said two items, the appeals, having been abandoned, are therefore dismissed.

Judgment will be rendered accordingly.